UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEGARDY,<br><br>    Plaintiff,<br><br>    v.<br><br>M.B. ATCHLEY, et al.,<br><br>    Defendants. | Case No. 20-cv-05716-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 16 |

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1)-(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges that defendants failed to protect him from sexual assaults by his cellmate. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837.

Allegations in a pro se complaint sufficient to raise an inference that the named prison officials knew that Plaintiff faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable measures to abate it, state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Plaintiff states that he reported to defendants Gonzalez, Redon and Fernandez that his cellmate was attempting to sexually assault him.  Plaintiff contends that defendants failed to act, and his cellmate sexually assaulted him.  Liberally construed this presents an Eighth Amendment claim against these defendants.

Plaintiff also seeks to bring an action pursuant to the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15601 ("PREA"). However, the PREA does not create a private right of action, even for allegations of prison rape. *See Krieg v. Steele*, 599 Fed. Appx. 231 (5th Cir. 2015) (collecting cases); *Porter v. Jennings*, 2012 WL 1434986, at *1 (E.D. Cal. 2012) (noting same). The amended complaint is dismissed with leave to amend. In a second amended complaint, Plaintiff should only bring claims pursuant to the Eighth Amendment and remove his PREA claims.

Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff has presented his claims adequately, and the issues are not complex.

**CONCLUSION**

1. The motion to appoint counsel (Docket No. 16) is **DENIED**. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims that he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal of this case.

2. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 16, 2020

ROBERT M. ILLMAN
United States Magistrate Judge