United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEGARDY,<br><br>  Plaintiff,<br><br>  v.<br><br>M.B. ATCHLEY, et al.,<br><br>  Defendants. | Case No. 20-cv-05716-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend and Plaintiff has filed a second amended complaint.

**LEGAL STANDARDS**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [f]actual allegations must

be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff alleges that Defendants failed to protect him from sexual assaults by his cellmate. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he or she knows of and disregards an excessive risk to a prisoner's health or safety by failing to take reasonable steps to abate the risk. *Id*. at 837.

Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that Plaintiff faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable measures to abate it, are sufficient to state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847).

Plaintiff states that he reported to Defendants Gonzalez, Redon and Fernandez that his cellmate was attempting to sexually assault him, but that Defendants failed to act, and that his cellmate later sexually assaulted him. Liberally construed, this presents an Eighth Amendment claim against these Defendants. Additionally, in his second amended complaint, Plaintiff has voluntarily dismissed the other claim, and the other Defendant, from the amended complaint that were discussed in the court's prior screening order. Pursuant to Federal Rule of Civil Procedure 21, they are no longer part of this action.

## CONCLUSION

The clerk shall **ISSUE** a summons and the United States Marshal shall serve, without prepayment of fees, copies of the Second Amended Complaint (dkt. 19) with attachments, a Magistrate Judge jurisdiction consent form and copies of this Order on the following Defendant Correctional Officers at Salinas Valley State Prison: J. Gonzalez, O. Redon and J. Fernandez.

In order to expedite the resolution of this case, the Court orders as follows:

No later than **sixty days** from the date of service, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that the such motion is due. Moreover, all papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **thirty days** from the date the motion is served upon him.

3

1  Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is
2  provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409,
3  411-12 (9th Cir. 1988).
4      If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust
5  his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take
6  note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided
7  to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.
8      If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the
9  opposition is served. The motion shall be deemed submitted as of the date the reply brief is due.
10 No hearing will be held on the motion unless the Court so orders at a later date. All
11 communications by Plaintiff with the Court must be served on Defendants, or Defendants'
12 counsel, if and when counsel has been designated, by mailing a true copy of the document to
13 Defendants or Defendants' counsel. Discovery may be taken in accordance with the Federal Rules
14 of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is
15 required before the parties may conduct discovery.
16     Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
17 informed of any change of address by filing a separate paper with the clerk headed "Notice of
18 Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
19 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
20 Civil Procedure 41(b).
21     **IT IS SO ORDERED.**
22 Dated: February 2, 2020

ROBERT M. ILLMAN
United States Magistrate Judge

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.